UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LTD.,<br><br>        Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant. | Case No. 6:21-cv-00991-ADA<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
AGAINST AMAZON.COM, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Sonrai Memory Ltd. ("Plaintiff" or "Sonrai") makes the following allegations against Defendant Amazon.com, Inc. ("Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Sonrai: United States Patents Nos. 6,724,241 ("the '241 Patent"), 6,829,691 ("the '691 Patent"), and 6,874,014 ("the '014 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Sonrai Memory Limited is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Sonrai is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

3. On information and belief, Defendant Amazon.com, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 410 Terry Avenue

North, Seattle, Washington 98109.

## JURISDICTION AND VENUE

4.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

6.  Venue is proper in this District under 28 U.S.C. § 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendant has a regular and established place of business in the District, including offices at 11501 Alterra Parkway, Austin, Texas, and a fulfillment center at 2093-2209 Rutland Drive, Austin, Texas 78758. Further, Amazon's website lists over 300 jobs available in the Austin area.[1]

---

[1] *See, e.g.*, https://www.bizjournals.com/austin/news/2017/08/01/amazon-quietly-grows-austin-corporate-office-as-it.html; https://www.statesman.com/news/20190328/amazon-plans-austin-expansion-that-will-add-800-jobs?template=ampart; https://www.kxan.com/news/local/austin/amazon-opens-new-corporate-office-in-austin_20180316004215559/1049346915; https://www.amazon.jobs/en/locations/austin.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,724,241

7. Sonrai realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Sonrai owns by assignment all rights, title, and interest in U.S. Patent No. 6,724,241, titled "Variable charge pump circuit with dynamic load." A copy of the '241 Patent is attached as Exhibit 1.

9. On information and belief, Defendant offers for sale, sells, and/or imports certain products ("Accused Products"), such as products with SanDisk/Toshiba 64L 3D NAND and Samsung NAND flash chips, including without limitation the LG V50 ThinQ, the Google Pixel 4XL, the Samsung Galaxy S10, and the Samsung Galaxy S21 5G, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '241 Patent.

10. The Accused Products satisfy all claim limitations of one or more claims of the '241 Patent. A claim chart comparing independent claim 1 of the '241 Patent to a representative Accused Product, the LG V40 ThinQ, is attached as Exhibit 2.

11. By offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Sonrai and is liable for infringement of the '241 Patent pursuant to 35 U.S.C. § 271.

12. As a result of Defendant's infringement of the '241 Patent, Sonrai is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,829,691

13. Sonrai realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. Sonrai owns by assignment all rights, title, and interest in U.S. Patent No. 6,829,691, titled "System for compressing/decompressing data." A copy of the '691 Patent is attached as Exhibit 3.

15. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain instrumentalities ("Accused Instrumentalities"), including without limitation servers and services using one or more Graviton2 processor, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '691 Patent.

16. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '691 Patent. A claim chart comparing independent claim 13 of the '691 Patent to representative Accused Instrumentalities is attached as Exhibit 4.

17. By offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Sonrai and is liable for infringement of the '691 Patent pursuant to 35 U.S.C. § 271.

18. As a result of Defendant's infringement of the '691 Patent, Sonrai is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,874,014

19. Sonrai realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Sonrai owns by assignment all rights, title, and interest in U.S. Patent No. 6,874,014, titled "Chip multiprocessor with multiple operating systems." A copy of the '014 Patent is attached as Exhibit 5.

21. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), such as servers and services using one or more Graviton2 processor, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '014 Patent.

22. The Accused Products satisfy all claim limitations of one or more claims of the '014 Patent. A claim chart comparing independent claim 1 of the '014 Patent to a representative Accused Instrumentality, is attached as Exhibit 6.

23. By offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Sonrai and is liable for infringement of the '014 Patent pursuant to 35 U.S.C. § 271.

24. As a result of Defendant's infringement of the '014 Patent, Sonrai is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Sonrai respectfully requests that this Court enter:

a.  A judgment in favor of Sonrai that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '241 Patent, the '691 Patent, and the '014 Patent;

b.  A judgment and order requiring Defendant to pay Sonrai its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '241 Patent, the '691 Patent, and the '014 Patent;

c.  A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Sonrai, including without limitation, pre-judgment and post-judgment interest;

d.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Sonrai its reasonable attorneys' fees against Defendant; and

e.  Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Sonrai, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 1, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)

cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Sonrai Memory Limited***